# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

BOBBY O'NEAL,
    Plaintiff,

    vs.

COMMISSIONER OF
SOCIAL SECURITY,
    Defendant.

Case No. 1:12-cv-246
Spiegel, J.
Litkovitz, M.J.

**REPORT AND**
**RECOMMENDATION**

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of Social Security (Commissioner) denying plaintiff's applications for disability insurance benefits (DIB) and supplemental security income (SSI). This matter is before the Court on plaintiff's Statement of Errors (Doc. 14), the Commissioner's response in opposition (Doc. 19), and plaintiff's reply memorandum. (Doc. 22).

## I. Procedural Background

Plaintiff originally filed an application for SSI benefits in May 2004, alleging disability since September 1995. On July 26, 2006, administrative law judge (ALJ) Ronald Jordan issued a decision finding that plaintiff was not disabled. (Tr. 11). ALJ Jordan's decision was remanded by the Appeals Council and following a new hearing ALJ Gilbert Sheard issued a decision on July 23, 2008, again finding that plaintiff was not disabled.

Plaintiff filed the instant applications for SSI and DIB benefits in February 2009, alleging disability due to back and foot problems and amputation of several fingers on his right hand. (Tr. 216). Plaintiff alleged a disability onset date of April 20, 2003; plaintiff subsequently amended the disability onset date to October 15, 2010. (Tr. 210). Plaintiff's applications were denied initially and upon reconsideration. Plaintiff, through counsel, requested and was granted a de

novo hearing before ALJ Deborah Smith. Plaintiff and a vocational expert (VE) appeared and testified at the ALJ hearing. On April 27, 2011, ALJ Smith issued a decision finding that plaintiff was not disabled. Plaintiff's request for review by the Appeals Council was denied, making the decision of the ALJ the final administrative decision of the Commissioner.

## II. Analysis

### A. Legal Framework for Disability Determinations

To qualify for disability benefits, a claimant must suffer from a medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than 12 months. 42 U.S.C. §§ 423(d)(1)(A) (DIB), 1382c(a)(3)(A) (SSI). The impairment must render the claimant unable to engage in the work previously performed or in any other substantial gainful employment that exists in the national economy. 42 U.S.C. §§ 423(d)(2), 1382c(a)(3)(B).

Regulations promulgated by the Commissioner establish a five-step sequential evaluation process for disability determinations:

1) If the claimant is doing substantial gainful activity, the claimant is not disabled.

2) If the claimant does not have a severe medically determinable physical or mental impairment – *i.e.*, an impairment that significantly limits his or her physical or mental ability to do basic work activities – the claimant is not disabled.

3) If the claimant has a severe impairment(s) that meets or equals one of the listings in Appendix 1 to Subpart P of the regulations and meets the duration requirement, the claimant is disabled.

4) If the claimant's impairment does not prevent him or her from doing his or her past relevant work, the claimant is not disabled.

5) If the claimant can make an adjustment to other work, the claimant is not disabled. If the claimant cannot make an adjustment to other work, the claimant is disabled.

*Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 652 (6th Cir. 2009) (citing §§ 404.1520(a)(4)(i)-(v), 404.1520(b)-(g)). The claimant has the burden of proof at the first four steps of the sequential evaluation process. *Id.*; *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 548 (6th Cir. 2004). Once the claimant establishes a prima facie case by showing an inability to perform the relevant previous employment, the burden shifts to the Commissioner to show that the claimant can perform other substantial gainful employment and that such employment exists in the national economy. *Rabbers*, 582 F.3d at 652; *Harmon v. Apfel*, 168 F.3d 289, 291 (6th Cir. 1999).

### B. The Administrative Law Judge's Findings

The ALJ applied the sequential evaluation process and made the following findings of fact and conclusions of law:

> 1. The [plaintiff] meets the insured status requirements of the Social Security Act through September 30, 2011.
>
> 2. The [plaintiff] has not engaged in substantial gainful activity since October 15, 2010, the amended alleged onset date (20 CFR 404.1571 *et seq.* and 416.971 *et seq.*).
>
> 3. The [plaintiff] has the following severe impairments: degenerative disc disease, amputation of the middle three fingers of the right hand, and left heel protuberance (20 CFR 404.1520(c) and 416.920(c)).
>
> 4. The [plaintiff] does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).
>
> 5. After careful consideration of the entire record, the undersigned finds that the [plaintiff] has the residual functional capacity to perform light work[1] as defined in

---

[1] Light work "involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some

20 CFR 404.1567(b) and 416.967(b) with the following limitations: he can lift, carry, push, and pull 20 pounds occasionally and 10 pounds frequently. He can stand, walk, or sit for 6 hours in an 8-hour workday; however, prolonged standing and walking is limited to 1 hour at a time and walking is limited to 30 minutes at a time before he must sit briefly. He can sit for 2 hours at a time and then must stand or walk briefly. He can frequently balance, stoop, crouch, crawl, or kneel, and frequently climb ramps or stairs. He can never climb ladders, ropes, or scaffolds. [The undersigned has accepted the most restrictive functional capacity assessment of the prior two Judges' decisions giving the [plaintiff] the benefit of the doubt in this regard.].

6. The [plaintiff] is capable of performing past relevant work as an industrial cleaner and stock checker. This work does not require the performance of work-related activities precluded by the [plaintiff's] residual functional capacity (20 CFR 404.1565 and 416.965).

7. The [plaintiff] has not been under a disability, as defined in the Social Security Act, from October 15, 2010, through the date of this decision (20 CFR 404.1520(f) and 416.920(f)).

(Tr. 14-19).

### C. Judicial Standard of Review

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g) and involves a twofold inquiry: (1) whether the findings of the ALJ are supported by substantial evidence, and (2) whether the ALJ applied the correct legal standards. *See Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009); *see also Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 745-46 (6th Cir. 2007).

The Commissioner's findings must stand if they are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citing *Consolidated Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)). Substantial evidence consists of "more than a scintilla of evidence but less than a preponderance. . . ." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007). In

---

pushing and pulling of arm or leg controls."  20 C.F.R. §§ 404.1567(b), 416.967(b).

deciding whether the Commissioner's findings are supported by substantial evidence, the Court considers the record as a whole. *Hephner v. Mathews*, 574 F.2d 359 (6th Cir. 1978).

The Court must also determine whether the ALJ applied the correct legal standards in the disability determination. Even if substantial evidence supports the ALJ's conclusion that the plaintiff is not disabled, "a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Rabbers*, 582 F.3d at 651 (quoting *Bowen*, 478 F.3d at 746). *See also Wilson*, 378 F.3d at 545-46 (reversal required even though ALJ's decision was otherwise supported by substantial evidence where ALJ failed to give good reasons for not giving weight to treating physician's opinion, thereby violating the agency's own regulations).

### D. Specific Errors

On appeal, plaintiff argues that the ALJ erred in finding that plaintiff is capable of performing his past relevant work as a stock checker and industrial cleaner at Step Four of the sequential evaluation. Plaintiff asserts the ALJ erred by finding that he was capable of performing his past relevant work as an industrial cleaner because: (1) plaintiff testified and the VE confirmed that his prior work was as a floor scrubber, one of several duties of an industrial cleaner, for which there is no listing in the Dictionary of Occupational Titles (DOT); and (2) plaintiff's work as a floor scrubber was accommodated and is not past relevant work to which he could potentially return. Plaintiff further contends that he did not earn sufficient pay as a stock checker for the work to be properly classified as "substantial gainful activity" and, thus, the ALJ erred by finding that this job constituted past relevant work. Plaintiff seeks reversal for an award

of benefits because the medical-vocational guidelines direct a finding of "disabled" once plaintiff is found unable to return to past relevant work. (Doc. 14 at 12-18).

The Commissioner argues, in opposition, that the ALJ's findings that plaintiff can perform his past relevant work are substantially supported and should be upheld. The Commissioner asserts that the ALJ properly determined that plaintiff is not disabled as plaintiff "retains the capacity to perform the particular functional demands and job duties [of industrial cleaner] as [plaintiff] actually performed it." (Doc. 19 at 5) (citing Social Security Ruling 82-61). Further, the Commissioner contends plaintiff's testimony supports a finding that he earned sufficient income from his stock checker position for the work to qualify as "substantial gainful activity."

Plaintiff may establish a prima facie case of disability by showing an inability to perform relevant previous employment. If plaintiff retains the residual functional capacity to perform the physical and mental requirements of work performed in the past, plaintiff is not disabled. 20 C.F.R. §§ 404.1520(e), 416.920(e).

Plaintiff must prove an inability to return to his or her former type of work and not just to his or her particular former job. *Studaway v. Sec'y of HHS*, 815 F.2d 1074, 1076 (6th Cir. 1987) (citing *Villa v. Heckler*, 797 F.2d 794, 798 (9th Cir. 1986)). "Former type" of work means the general kind of work, *e.g.*, janitorial work, that plaintiff used to perform. *Studaway*, 815 F.2d at 1076. In other words, the ALJ must consider whether the claimant can perform the functional demands and job duties of the occupation as generally required by employers throughout the national economy. *Garcia v. Sec'y of HHS*, 46 F.3d 552, 557 (6th Cir. 1995) (citing SSR 82-61,

6

1982 WL 31386 (effective Aug. 20, 1980)).[2]  The RFC to meet the physical and mental demands

of jobs a claimant has performed in the past (either the specific job a claimant performed or the

same kind of work as it is customarily performed throughout the economy) is generally a

sufficient basis for a finding of "not disabled."  SSR 82-62, 1982 WL 31386, at *1 (effective

August 20, 1980).

Work experience is one of several vocational factors that may be considered when the

issue of disability cannot be determined from the medical evidence alone.  20 C.F.R. §§

404.1560(a), 416.960(a).  "Work experience" means skills and abilities plaintiff has acquired

through previous work which shows the type of work plaintiff may be capable of performing.  20

C.F.R. §§ 404.1565(a), 416.965(a).  Work experience is relevant when it was performed in the

last 15 years, lasted long enough for plaintiff to learn to do it, and was substantial gainful

activity.  Id.  If plaintiff has no work experience or has only worked "on and off" or for brief

periods of time during the 15-year period, this activity will not generally be considered past

relevant work.  Id.

Whether a job has lasted long enough to be "relevant" varies according to the nature and

complexity of the job.  Past work has lasted long enough for plaintiff to learn it when there has

been sufficient time to learn the techniques, to acquire information, and to reach the point where

the job can easily be performed with average competency.  SSR 82-62.

The Court will first address whether substantial evidence supports the ALJ's finding that

plaintiff is capable of performing his past relevant work as an industrial cleaner.  Plaintiff

---

[2] "Social Security Rulings do not have the force and effect of law, but are 'binding on all components of the Social Security Administration' and represent 'precedent final opinions and orders and statements of policy and interpretations' adopted by the Commissioner. 20 C.F.R. § 402.35(b)(1). In *Wilson,* 378 F.3d at 549, the court refrained from ruling on whether Social Security Rulings are binding on the Commissioner in the same way as Social

testified at the ALJ hearing that he worked at Venture Logistics as a cleaner driving a floor scrubber until he was laid off due to down-sizing. (Tr. 33-34). Plaintiff testified that Venture Logistics created the limited position of floor scrubber specifically for plaintiff due to his functional limitations, while other individuals with his same job title had additional responsibilities, such as emptying garbage, cleaning bathrooms, and doing heavy lifting. (Tr. 44-45, 51-52). Plaintiff further testified that he was given a special tool for use with the floor scrubber to accommodate his inability to drain water from the scrubber due to his amputated fingers. (Tr. 45-46).

The VE testified that there is no discrete DOT title listing plaintiff's work as a floor scrubber, but that the job falls under the title of industrial cleaner, DOT number 381.687-014, which the VE classified as a heavy, unskilled job. (Tr. 41-42, 66). The VE explained that the position of industrial cleaner includes many aspects, one of which is riding a floor scrubber. (Tr. 66). The VE further clarified that while some industrial cleaner positions involve several functions, there are industrial cleaners who only do floor scrubbing. (Tr. 67-68). The VE testified that the job of industrial cleaner as plaintiff performed it, sitting down and using hand and foot controls, is classified as a light job. (Tr. 68). The VE then testified that an individual with plaintiff's residual functional capacity (RFC), *see supra* at Section I.B. ¶ 5, could perform plaintiff's past work as a floor scrubber. (Tr. 70-71).

In her decision, the ALJ addressed the VE's testimony that plaintiff's job as a floor scrubber is properly characterized under the title of industrial cleaner in support of her finding that plaintiff was capable of performing his past relevant work. *See* Tr. 18-19. The ALJ found

---

Security Regulations, but *assumed* that they are. [The Court] makes the same assumption in this case." *Ferguson v. Comm'r of Soc. Sec.,* 628 F.3d 269, 272 n.1 (6th Cir. 2010) (emphasis in original).

that plaintiff "is able to perform [the job of industrial cleaner] as actually performed." (Tr. 19).
The ALJ addressed plaintiff's contention that the floor scrubber job was accommodated
employment and does not actually exist because there are no DOT numbers listed in the prior
ALJ findings where plaintiff was deemed able to return to his past relevant work as a floor
scrubber. *See id*. However, the ALJ determined that plaintiff performed the job full-time; earned
a significant amount of money doing the job for over two years; and stopped working after being
laid off and not as a result of his impairments. *Id*. The ALJ thus found that the only evidence
supporting a finding that the job was accommodated was plaintiff's testimony and his attorney's
argument. *Id*. The ALJ concluded that the industrial cleaner job was not accommodated based
on the decisions of the prior ALJs, the length of plaintiff's employment in the position, and the
VE's testimony that "the floor scrubbing job is an aspect of the industrial cleaner job and that the
job could have existed where all one is required to do is operate the floor scrubber." (Tr. 19,
citing Tr. 67-68). Consequently, the ALJ held that plaintiff was capable of performing his past
relevant work as a floor scrubber as he performed it. (Tr. 19).

Plaintiff argues the ALJ erred in finding that he was capable of performing his past
relevant work as an industrial cleaner. Plaintiff's argument consists of two parts. First, plaintiff
contends that he is unable to perform a number of duties of an industrial cleaner as the job is
described by the DOT and, accordingly, the ALJ erred by finding otherwise. Second, plaintiff
asserts that the floor scrubber job described by plaintiff does not exist as a separate job absent the
accommodations afforded him by Venture Logistics; thus, the position cannot constitute past
relevant work. Plaintiff's arguments are not well-taken.

9

At the outset, the undersigned notes that plaintiff has cited to no regulation, ruling, or other authority in support of his arguments.  While plaintiff cites to SSR 82-61 in conjunction with his first argument – that he cannot fulfill all duties of the industrial cleaner job – the reference is intended to provide an analogy but does not provide support for plaintiff's argument. SSR 82-61 consists of a policy statement and explanation for determining an individual's ability to do past relevant work.  SSR 82-61, 1982 WL 31387, at *1.  Plaintiff cites to the Ruling's discussion of situations where individuals performed *more* duties than those contained in the DOT description of a particular job; whereas, here, plaintiff performed *less* duties than those contained in the DOT description of the industrial cleaner job.  (Doc. 14 at 15).[3]  Plaintiff appears to suggest that applying the rationale of SSR 82-61 to his job as a floor scrubber requires a finding that he cannot perform this past relevant work as the DOT's description of the job includes duties beyond what he actually did.  Plaintiff's argument must fail as it does not acknowledge that SSR 82-61 explicitly provides that one test for determining whether plaintiff retains the capacity to perform this work is based solely on whether he can "perform the particular functional demands and job duties peculiar to an individual job as [plaintiff] actually performed it[,]" regardless of how the DOT describes the work.  SSR 82-61, 1982 WL 31387, at *1.

Further, the VE provided explicit testimony at the ALJ hearing that despite the description contained in the DOT, the job of industrial cleaner could consist solely of the floor

---

[3]*See* SSR 82-61, 1982 WL 31387, at *2 ("A former job performed in by the claimant may have involved functional demands and job duties significantly in excess of those generally required for the job by other employers throughout the national economy. Under this test, if the claimant cannot perform the excessive functional demands and/or job duties actually required in the former job but can perform the functional demands and job duties as generally required by employers throughout the economy, the claimant should be found to be 'not disabled.'").

scrubbing duties. (Tr. 67-68). The ALJ relied on this testimony and plaintiff's description of his work as a floor scrubber in finding that plaintiff could perform the work of an industrial cleaner as he actually performed it. (Tr. 19). The ALJ's decision also directly addressed this portion of plaintiff's argument, *see id.* ("[t]he undersigned acknowledges [plaintiff's argument] that the . . . floor scrubber [job] . . . does not exist . . . ."), and provided a clear explanation for rejecting it. *Id.* ("The [VE] said that the floor scrubbing job is an aspect of the industrial cleaner job and that the job could have existed where all one is required to do is operate the floor scrubber and thus the [VE] testified that the [plaintiff] performed the job of floor scrubber."). The undersigned recognizes that the DOT's description of the industrial cleaner job is incongruous with plaintiff's supported limitations and functional abilities. Nevertheless, the ALJ's determination that plaintiff can perform his past relevant work as it was actually performed is substantially supported given the VE's testimony clarifying that there are industrial cleaner jobs which consist solely of floor scrubbing duties and that an individual with plaintiff's RFC is capable of performing this work. *See Anderson v. Comm'r of Soc. Sec.*, 406 F. App'x 32, 35 (6th Cir. 2010) ("As long as the VE's testimony is in response to an accurate hypothetical, the ALJ may rely on the VE's testimony . . . ."). *See also* SSR 00-4p, 2000 WL 1898704 (effective Dec. 4, 2000) (noting that "[t]he DOT lists maximum requirements of occupations as generally performed, not the range of requirements of a particular job as it is performed in specific settings."). Given the VE's clarifying testimony and the ALJ's reliance thereon in characterizing plaintiff's past work as a floor scrubber as an industrial cleaner job, the undersigned finds no error in this regard.

To the extent plaintiff argues the ALJ erred by finding that plaintiff could perform his past relevant work as an industrial cleaner because the job as performed by plaintiff does not

11

exist in the national economy absent the accommodations provided by Venture Logistics, the undersigned disagrees. SSR 82-61 provides three tests for determining whether or not an individual retains the capacity to perform his past relevant work: (1) whether the individual has the capacity to perform past relevant work based on "a broad generic, occupational classification" of the work; (2) whether the individual retains the capacity to perform the work as he actually performed it; and (3) whether the individual retains the capacity to perform the work "as ordinarily required by employers throughout the national economy." SSR 82-61, 1982 WL 31387, at *1-2. The second test is pertinent to the instant matter – whether plaintiff retains the capacity to perform his past relevant work as an industrial cleaner as he actually performed it. "Under this test, where the evidence shows that [plaintiff] retains the functional RFC to perform the functional demands and job duties of [industrial cleaner] as he . . . actually performed it, [plaintiff] should be found to be 'not disabled.'" *Id*. at *2. To be substantially supported, the ALJ's decision must explain why plaintiff can perform his past relevant work as actually performed. *See Studaway*, 815 F.2d at 1076; *see also* 20 C.F.R. §§ 404.1565, 416.965.

As stated above, the VE testified that plaintiff could perform the job of industrial cleaner as he actually performed it, namely, with the limited duties of floor scrubbing. (Tr. 70-71). Given this testimony, the ALJ's determination that plaintiff could perform his past relevant industrial cleaner work is substantially supported. Plaintiff argues that he cannot perform the work of industrial cleaner as defined in the DOT because it includes duties which he does not retain the RFC to perform. (Doc. 14 at 15-16). However, the Sixth Circuit has rejected the argument that the ALJ is bound by the DOT's definition of occupations, holding that "the ALJ and consulting vocational experts are not bound by the Dictionary in making disability

12

determinations because the Social Security regulations do not obligate them to rely on the Dictionary's definitions." *Wright v. Massanari*, 321 F.3d 611, 616 (6th Cir. 2003). *See also Conn v. Sec'y of HHS*, 51 F.3d 607, 610 (6th Cir. 1995). Accordingly, the ALJ reasonably relied on the VE's testimony regarding plaintiff's ability to perform his past relevant work as an industrial cleaner as he actually performed it.

Plaintiff appears to raise several arguments in furtherance of his contention that his previous floor scrubber job does not qualify as past relevant work.

First, plaintiff argues that his floor scrubbing job does not qualify as past relevant work because he was only able to perform it with accommodations, *i.e.*, with a special tool he was provided to assist him in draining the floor scrubbing machinery. (Doc. 14 at 16-18). Plaintiff cites the VE's testimony to support that this was an accommodation. *See* Doc. 14 at 17, citing Tr. 76 ("the re-engineering of the drain on the scrubber would meet virtually anybody's definition of an accommodation because it was done specifically to allow [plaintiff] to do it."). However, plaintiff cites to no authority supporting his proposition that where an employer makes an accommodation to do a job, it cannot be classified as past relevant work. Moreover, the Sixth Circuit has held that the mere fact that an employer creates accommodations for an individual employee does not mean that the job is not past relevant work. *See Tyra v. Sec'y of HHS*, 896 F.2d 1024, 1031 (6th Cir. 1990) (where employer accommodated plaintiff's physical conditions by assigning him lighter duties than other employers, the ALJ's determination that the job constituted past relevant work was substantially supported by, *inter alia*, evidence of plaintiff's earnings and the length of time he was employed in the job). *See also Brown v. Barnhart*, 410 F. Supp.2d 1287, 1297 (S.D. Fla. 2006) (same). Accordingly, plaintiff's argument that his prior

13

work as a floor scrubber does not constitute past relevant work simply because his employer created reasonable accommodations is not well-taken.

Second, plaintiff appears to argue that his floor scrubber job was not "substantial gainful activity" and was only performed under "special conditions" and therefore does not constitute past relevant work.  In his brief in opposition, the Commissioner identifies the regulations governing how the ALJ is to analyze whether a plaintiff can perform past relevant work that was done under "special conditions" such that it does not qualify as "substantial gainful activity." (Doc. 19 at 6-7) (citing 20 C.F.R. § 404.1573).  The pertinent part of the social security regulations provide:

> *If your work is done under special conditions.*  The work you are doing may be done under special conditions that take into account your impairment, such as work done in a sheltered workshop or as a patient in a hospital.  If your work is done under special conditions, we may find that it does not show that you have the ability to do substantial gainful activity.  Also, if you are forced to stop or reduce your work because of the removal of special conditions that were related to your impairment and essential to your work, we may find that your work does not show that you are able to do substantial gainful activity.  However, work done under special conditions may show that you have the necessary skills and ability to work at the substantial gainful activity level.  Examples of the special conditions that may relate to your impairment include, but are not limited to, situations in which—
>
> (1) You required and received special assistance from other employees in performing your work;
>
> (2) You were allowed to work irregular hours or take frequent rest periods;
>
> (3) You were provided with special equipment or were assigned work especially suited to your impairment;
>
> (4) You were able to work only because of specially arranged circumstances, for example, other persons helped you prepare for or get to and from your work;
>
> (5) You were permitted to work at a lower standard of productivity or efficiency than other employees; or

(6) You were given the opportunity to work despite your impairment because of family relationship, past association with your employer, or your employer's concern for your welfare.

20 C.F.R. §§ 404.1573(c), 416.973(c). Plaintiff, in reply, argues that his work at Venture

Logistics was performed under special conditions as described in 20 C.F.R. § 404.1573(1) and

(3) as he was assisted by other employees when handling heavy spills and was provided a "re-engineered" floor scrubber. Plaintiff's argument appears to be that the floor scrubber job was

"make-shift" employment, *i.e.*, created solely to allow plaintiff the opportunity to work

regardless of whether he provided a valuable service to his employer. Yet, the ALJ determined

that plaintiff provided enough of a service to be considered productive given that he worked for

Venture Logistics for over two years and, consequently, plaintiff's floor scrubbing job

constituted past relevant work. *See* Tr. 19. The ALJ's reliance on the length of plaintiff's

employment with Venture Logistics was reasonable and comports with the requirements of the

applicable regulations. *See* 20 C.F.R. §§ 404.1565(a) and 416.965(a) (length of employment is

appropriate fact to consider in making vocational findings). The ALJ's finding is further

supported by the lack of evidence that plaintiff performed this work under "special conditions."

*Cf. Wills v. Comm'r of Soc. Sec.*, No. 10-cv-14067, 2012 WL 529921, at *7-8 (E.D. Mich. Feb.

17, 2012) (VE testified that, based on plaintiff's testimony that she was hired by and worked

side-by-side with family members, her work was performed under "special conditions" and did

not constitute past relevant work). Moreover, plaintiff has failed to provide any legal basis

supporting a finding that his job was "makeshift" simply because his employer provided

reasonable accommodations. Plaintiff testified that other individuals performed the same job,

albeit with different responsibilities. (Tr. 44-45). There is also no evidence from which the

15

Court can deduce that the floor scrubbing job performed by plaintiff was created for any purpose other than to clean Venture Logistics' property. As plaintiff's floor scrubbing job was performed by other individuals, he held the job for two years, and he earned over the substantial gainful activity amount, the undersigned finds that plaintiff's floor scrubber job was not performed under "special conditions" and the ALJ's determination that it constitutes "substantial gainful activity" is substantially supported. *See Brown*, 410 F. Supp.2d at 1299 (evidence that plaintiff held job for three years and that other individuals performed his job supported ALJ's finding that work constituted past relevant work and was not "makeshift"). *Cf. Kolman v. Sullivan*, 925 F.2d 212, 213-14 (7th Cir. 1991) (job created under federal job-training program with intent to prepare individuals such as the claimant for "real work" was "makeshift" and did not constitute past relevant work).

It appears that plaintiff makes a third argument that because the floor scrubber job was accommodated, it is not a job that exists in the national economy to which he can return. Whether or not the specific job plaintiff performed at Venture Logistics exists in the national economy is irrelevant. The only pertinent inquiry is whether plaintiff, by virtue of his ability to perform his past work, has the capacity to perform other types of work. *See Barnhart v. Thomas*, 540 U.S. 20, 28 (2003) (fact that plaintiff's prior job as an elevator operator was scarce was irrelevant in determining whether it constituted past relevant work). The ALJ's determination that plaintiff retains the RFC to perform the floor scrubbing job is not disputed. Notably, aside from the arguments addressed above regarding the DOT's definition of "industrial cleaner," plaintiff has provided no evidence suggesting that the job of floor scrubber does not exist in the national economy. `

Given the ALJ's thorough discussion of plaintiff's past relevant work, including her acknowledgment and explained rejection of plaintiff's arguments, the undersigned finds that the ALJ's determination that plaintiff can perform his past relevant work as an industrial cleaner is substantially supported. *See Wills*, 2012 WL 529921, at *8 (ALJ's finding that plaintiff could return to past relevant work despite existence of "special conditions" substantially supported where ALJ adequately explained rationale and presented supported hypothetical question to VE). *See also* SSR 82-62, 1982 WL 31386.

Assuming, *arguendo*, that the ALJ erred in this regard, any error is harmless. The parties do not dispute that substantial evidence supports the RFC finding underpinning the hypothetical questions posed by the ALJ to the VE. The VE opined that plaintiff was capable of doing his past relevant work as plaintiff testified he performed it, *i.e.*, with accommodation. The ALJ was entitled to rely on the VE's opinion in reaching her ultimate conclusion. "In general, expert vocational testimony in response to a hypothetical question accurately portraying a [plaintiff's] vocational abilities and limitations is substantial evidence that claimant is not disabled." *Yopp-Barber v. Comm'r of Soc. Sec.*, 56 F. App'x 688, 689 (citing *Davis v. HHS*, 915 F.2d 186, 189 (6th Cir. 1990)). As it is undisputed that the hypothetical questions posed to the VE accurately portrayed plaintiff's RFC, the ALJ reliance on the VE's testimony was reasonable and substantially supports her finding that plaintiff can perform his past relevant work as an industrial cleaner.

The Court now turns to plaintiff's argument that his prior employment as a stock checker does not qualify as past relevant work. The record evidence regarding plaintiff's work as a stock checker consists of his testimony (Tr. 34-36) and plaintiff's Earnings Record. (Tr. 178-94).

17

Plaintiff testified that he worked as a stock checker for Meijer three to four days a week for four and a half to five months. (Tr. 35). The Earnings Record reflects that plaintiff earned $7817.39 over the four fiscal quarters of calendar year 2005 as an employee for Meijer Stores L.P. (Tr. 182, 189-90). Plaintiff worked for no other employer and earned no other income in 2005. *Id.*

Plaintiff argues that his work at Meijer does not rise to the level of "substantial gainful activity" for the 2005 fiscal year and, consequently, his job as a stock checker cannot be classified as past relevant work. (Doc. 14 at 12-15) (citing 20 C.F.R. §§ 404.1560(b)(1), 416.960(b)(1) ("Past relevant work is work that you have done within the past 15 years, that was substantial gainful activity and that lasted long enough for you to learn to do it.")). Plaintiff's argument is premised on the assumption that plaintiff worked throughout all four quarters of 2005 and earned a total of $7817.39, which equates to monthly earnings of $651.45. As the 2005 monthly "substantial gainful activity" amount was $830.00,[4] plaintiff contends that his work at Meijer does not qualify as "substantial gainful activity" and, consequently, the ALJ erred by classifying this work as past relevant work.

In opposition, the Commissioner cites to plaintiff's testimony that he worked for Meijer for approximately five months to support the ALJ's finding. The Commissioner reasons that this testimony supports a finding that plaintiff earned $7817.39 at Meijer over the course of four and a half to five months, which equates to monthly earnings in the range of $1562 to $1737 – far above the requisite level to constitute "substantial gainful activity." The Commissioner therefore contends that the ALJ's finding that plaintiff's stock checker position qualifies as past relevant work is substantially supported. The undersigned agrees.

---

[4] *See* www.ssa.gov/oact/cola/sga.html (last visited February 11, 2013).

At the hearing, the ALJ specifically asked how long plaintiff worked at Meijer after noting that he earned over $7,800.00 while working there. (Tr. 35). Plaintiff testified that he worked at Meijer as a stock checker for four and a half to five months. (Tr. 35). The ALJ was entitled to reasonably rely on plaintiff's testimony in determining plaintiff's past relevant work. Thus, the ALJ's determination that plaintiff's work as a stock checker qualifies as "substantial gainful activity" is substantially supported.

Insofar as plaintiff relies on the computational yearly earnings evidence (Tr. 182) to support his contention that the record shows he earned income in all four quarters of 2005, this evidence is not sufficiently specific such that the ALJ's determination is subject to reversal. The undersigned recognizes that the earnings evidence appears to indicate that plaintiff earned income over the four fiscal quarters of 2005. However, the only clear evidence of record regarding the length of plaintiff's employment with Meijer is his testimony that he worked there for approximately five months.[5] Plaintiff has cited to no evidence which would contradict this testimony. It was therefore reasonable for the ALJ to rely on plaintiff's testimony in determining that the stock checker job constituted past relevant work. Regardless, in light of the above recommendation to uphold the ALJ's determination that plaintiff can perform his past relevant work as an industrial cleaner, any error in this regard is harmless.

### IT IS THEREFORE RECOMMENDED THAT:

The decision of the Commissioner be **AFFIRMED** and this matter be closed on the

---

[5] As noted by the Commissioner, taking as true plaintiff's testimony that he worked as a stock checker for Meijer for five months and earned approximately $7,800.00, his average monthly income met the 2005 threshold for "substantial gainful activity."

docket of the Court.

Date: _2/19/2013_

Karen L. Litkovitz
United States Magistrate Judge

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

BOBBY O'NEAL,
    Plaintiff,

vs.

COMMISSIONER OF
SOCIAL SECURITY,
    Defendant.

Case No. 1:12-cv-246
Spiegel, J.
Litkovitz, M.J.

### NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas* v. *Arn,* 474 U.S. 140 (1985); *United States* v. *Walters,* 638 F.2d 947 (6th Cir. 1981).

21